UNITED STATES of America, Plaintiff,

v.

Jessie AILSWORTH, Jr., a/k/a "J.C.", Undra P. Mock, George Stewart, Jr., a/k/a "Pigg," and Calvin Conway, Defendants.

Nos. 94–40017–01–SAC, 94–40017–02–SAC, 94–40017–06–SAC and 94–40017–07–SAC.

United States District Court,
D. Kansas.

Nov. 29, 1995.

Memorandum Denying Reconsideration
Dec. 12, 1995.

Joseph D. Johnson, Joseph D. Johnson, Chtd., Charles D. Dedmon, Office of Federal Public Defender, Topeka, KS, for Jessie Ailsworth, Jr.

F.G. Manzanares, Jerold E. Berger, Topeka, KS, for Undra P. Mock.

James G. Chappas, Jr., Topeka, KS, for Kenneth R. Torain.

Mark L. Bennett, Jr., Bennett & Dillon, Topeka, KS, Benjamin C. Wood, Lawrence, KS, for Arnett Louise Rice.

Matthew B. Works, Works, Works & Works, P.A., Topeka, KS, Amy C. Bixler, Alan G. Warner, Topeka, KS, for Terrance J. Douglas.

Stephen W. Kessler, Topeka, KS, for George Stewart, Jr.

Jeannine D. Herron, William K. Rork, Topeka, KS, for Calvin Lee Conway.

Gregory G. Hough, Office of United States Attorney, Topeka, KS, for U.S.

## MEMORANDUM AND ORDER

CROW, District Judge.

On July 20, 1995, the court entered a memorandum and order granting in part and denying in part the defendants' "Motion to enforce plea agreements or in the alternative set aside pleas" (Dk. 495). *See United States v. Ailsworth,* 899 F.Supp. 511 (D.Kan.1995). In that memorandum and order, the court concluded that the government had not complied with the terms of the plea agreements entered with each of the defendants by asking certain questions during the polygraph examination which were either (1) not narrowly tailored to measure the truthfulness of the precise issue that was intended to be explored or (2) related to matters beyond the scope of the defendant's oral debriefing.

In pertinent part, the court's order stated:

It is therefore necessary to administer a second polygraph examination, free of the infirmities of the first examination, to each of the defendants. Each of these polygraph examinations shall be administered in the following manner:

(1) The government, with the aid of a qualified polygraph examiner, shall fashion questions based upon the debriefings provided by each of the defendants.

(2) Within ten days of the date of this order, and prior to performing the polygraph examinations, the government shall provide each of the defendants with a copy of the questions that it intends to posit during the polygraph examinations.

(3) Within three days of a defendant's receipt of that list, he shall file any objections in writing to any questions that will be asked during the polygraph examination.

*Ailsworth,* 899 F.Supp. at 520.

The government, with the aid of a qualified polygraph examiner, drafted a new set of questions to submit to each of the defendants during a second polygraph examination. On September 11, 1995, the court entered a memorandum and order overruling the objections filed by each of the defendants to the second set of questions to be submitted during a second polygraph examination. *See United States v. Ailsworth,* No. 94–40017–01–02;–06–07–SAC, 1995 WL 646809 (D.Kan. Sept. 11, 1995).

This case comes before the court upon the following motions filed by the defendants:

1. Defendants' renewed objections to format of second polygraph examination and

to polygraph examiner George Johnson (Dk. 596).[1]

2. Calvin Conway's "Motion to compel preservation and release of polygraph charts, readouts, questions and records relating to examination of defendant" (Dk. 603).

The government has filed a response to each motion.

1. Defendants' renewed objections to format of second polygraph examination and to polygraph examiner George Johnson (Dk. 596).[2]

In this motion, the defendants argue that the proposed second polygraph examination lacks any indicia of reliability due to the phrasing of the question, the number of issues raised, and the number of questions presented. The defendants argue that the proposed second polygraph examinations are structured in a manner falling outside the accepted standards of the American Polygraph Association. The defendants also argue that George Johnson is biased against them, thereby impairing his ability to administer the polygraph examinations fairly. The defendants seek an order requiring the polygraph examinations to be conducted by an examiner other than George Johnson, that the examination be conducted "in association with a qualified and trained examiner of defendant's choosing," that the polygraph examination be limited to one issue, and if necessary that more than one examination take place, and that the examination be performed in accordance with accepted standards of the American Polygraph Association. In the alternative, the defendants renew their request to withdraw their guilty pleas.

In support of their motion, the defendants submit the affidavit of Frank A. Carbone, "a court certified expert in the field of Polygraphy." Carbone has reviewed the proposed polygraph questions to be used during the examination of Jessie Ailsworth. In Carbone's opinion, some of the questions are vague and/or lack the specificity needed to ensure proper focus by the person being examined. Carbone also opines that because of the manner in which the questions have been drafted, as well as their number and issues considered, a single examination would be invalid and therefore unreliable.

The defendants also argue that this court's review of the proposed polygraph questions and objections to the same previously filed by counsel constitutes improper participation in the plea agreements. In essence, the defendants contend that the court's consideration of their "Motion to enforce plea agreements or in the alternative set aside pleas" (Dk. 495) has impaired the court's objectivity. The defendants also suggest that the court has assumed the role of advocate for the government.

The government responds, arguing that the defendants' renewed objections are frivolous. The government contends that George Johnson is a qualified polygraph examiner. The government argues that there is no evidence that George Johnson is biased. In response to the defendants' argument that asking all of the proposed questions during a single polygraph examination would be improper, the government indicates that "[a]ll of the proposed relevant questions for a particular defendant will not be propounded in one examination." Instead, during the polygraph examination, a series of three to five relevant question will be propounded, as well as other "control" questions. The defendants are simply informed of the questions to be propounded during the examination during the pre-test portion of the examination so that there are no surprises during the examination.

### Propriety of the Second Polygraph Examinations

Contrary to the defendants' suggestion, the court has devoted substantial time to

---

1. On October 20, 1995, the court entered a one-page order denying the defendants' motion to stay polygraph examinations (Dk. 597). *See* (Dk. 600).

2. Since the time that the defendants filed this motion, each of the defendants have been given a

second polygraph examination. In the opinion of the polygraph examiner, George Johnson, Ailsworth, Mock and Stewart answered the relevant questions truthfully. In Johnson's opinion, Conway's answers to the relevant questions were deceptive.

evaluating all of the their objections to the second polygraph examinations. In their renewed motion, the defendants essentially advance the same arguments previously considered and rejected by the court. In support of their challenge to the second round of polygraph examination questions, the defendants cite alleged deficiencies in questions to be asked of Ailsworth as examples. However, the examples cited by the defendants are basically the same objections overruled by the court in its September 11, 1995, memorandum and order.[3] To the extent that the defendants are simply rehashing, albeit in slightly different forms, the same arguments previously rejected by the court, they are denied on that basis alone. The court is otherwise satisfied that the questions to be posited during the second polygraph examinations are proper.

■ The court is satisfied that George Johnson is a qualified polygraph examiner and that he is not biased against the defendants. As to the defendants' request that the examination be conducted "in association with a qualified and trained examiner of defendant's choosing," such a request is a blatant attempt to modify the terms of the plea agreements and is denied on that basis alone.

In sum, the court concludes, based upon the arguments presented, that the government has, at least to this point, fulfilled its obligations under the terms of the plea agreements in preparing for the administration of the second set of polygraph examinations.

### Impartiality of the Court

■ The defendants' suggestion that the court has in any way participated in the plea negotiations or otherwise abandoned its role as impartial arbiter of disputes is wholly unfounded. By necessity, the court must resolve disagreements concerning the terms, conditions and performance of plea agreements. In this case, the court has simply done that and nothing more.

It does not escape the court's attention that the defendants' objection to the court's role as arbiter follows closely on the heels of an unfavorable ruling. Prior to the court's September 11, 1995, ruling, the defendants willingly invited and accepted the court's resolution of disputes regarding the plea agreements. Contrary to the defendants' implicit suggestion, the fact that the court overruled their objections to the proposed questions is not evidence that the court has assumed the role of advocate. The court has simply ruled on the matters presented based upon the relevant facts and applicable law.

2. Calvin Conway's "Motion to compel preservation and release of polygraph charts, readouts, questions and records relating to examination of defendant" (Dk. 603).

Conway seeks an order requesting that all records relating to his polygraph examination be preserved and released to counsel for review. The government responds, arguing that a report concerning the second polygraph examination has been generated and forwarded to counsel. The government also indicates that George Johnson, the polygraph examiner, "as a matter of course, preserves the readouts, or charts, that result from said polygraph examination." The government also indicates that counsel for Conway will have an opportunity to examine the readouts and charts.

In light of the government's response, Conway's motion is denied as moot.

IT IS THEREFORE ORDERED that the "Defendants' renewed objections to format of second polygraph examination and to polygraph examiner George Johnson" (Dk. 596) are denied.

IT IS FURTHER ORDERED that Calvin Conway's "Motion to compel preservation and release of polygraph charts, readouts, questions and records relating to examination of defendant" (Dk. 603) is denied.

---

**3.** Ailsworth adds an additional objection to question number 7, "On 23–April–93, did you give Johnie Evans any money for completing the transaction?," not previously advanced. Ailsworth contends that the question should be clari-

fied by identifying the specific transaction. The court is satisfied that the question is sufficiently clear in light of the discovery provided by the government.

430

## MEMORANDUM AND ORDER
## ON RECONSIDERATION

On November 29, 1995, the court entered a memorandum and order denying the "Defendants' renewed objections to format of second polygraph examination and to polygraph examiner George Johnson" (Dk. 596). In addition, the court denied Calvin Conway's "Motion to compel preservation and release of polygraph charts, readouts, questions and records relating to examination of defendant" (Dk. 603) as moot.

 This case comes before the court upon Calvin Conway's "Motion to reconsider rulings and to challenge polygraph results" (Dk. 608). In his motion, Conway contends that he has only received the written statement of the polygrapher and not the actual charts of the polygraph examination. Conway contends that the test results are invalid and are an inaccurate measure of his truthfulness. Conway contends that the test results should be examined by an unbiased, certified polygrapher or that he should be reexamined by an unbiased, certified polygrapher. In the alternative, Conway contends that the plea agreements should be set aside. Conway requests a hearing on the matter.

The government responds, indicating "that the charts generated as a result of defendant's second polygraph examination will be made available at any mutually convenient time by merely contacting the polygraph examiner." The government indicates that if Conway's counsel "desires an independent examination of the polygraph charts by a qualified polygraph examiner, she need only make arrangements with the KBI polygraph examiner who performed the second polygraph examination in this matter for said charts to be shown to said other qualified polygraph examiner at a time mutually convenient with said KBI polygraph examiner." The government indicates that it does not intend to file a motion pursuant to U.S.S.G. § 5K1.1 because Conway has not provided assistance which the government deems substantial.

In light of the government's response, Conway's motion is denied. As the government suggests, counsel for Conway may arrange to review the charts with the KBI polygraph examiner at a mutually agreeable time. Conway's request for a hearing on the matter is denied. Conway's alternative request to set aside the plea agreement is denied.

IT IS THEREFORE ORDERED that Conway's "Motion to reconsider rulings and to challenge polygraph results" (Dk. 608) is denied.

Dated this 12th day of December, 1995, Topeka, Kansas.